UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHARLES HASSELMANN, | |
| Petitioner, | |
| v. | CAUSE NO.: 2:25-CV-277-GSL-AZ |
| GARY STEPHEN GERMANN and TODD ROKITA, | |
| Respondents. | |

OPINION AND ORDER

Charles Hasselmann, a litigant without a lawyer, filed an amended habeas corpus petition challenging a criminal case pending against him in Porter County under case number 64D03-2301-CM-425.[1] (ECF 1.) The court must review the petition and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief[.]" RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. For the reasons stated below, the petition is dismissed.

As a preliminary matter, the court struck Hasselmann's original petition and directed him to file an amended petition using the approved form for seeking relief under 28 U.SC. § 2241. He has moved for reconsideration of that ruling (ECF 3), and also filed an amended petition along with a supporting brief (ECF 6, 7). His motion will

---

[1] Hasselmann provided a case number of 64D05-2301-CM-00065, but there is no case with that number. Instead, the charge pending against him was filed under case number 64D03-2301-CM-425. *State v. Hasselmann*, 64D03-2301-CM-425 (Porter Sup. Ct. filed Jan. 17, 2023). The court is permitted to take judicial notice of public records in ruling on the petition. *See* FED. R. EVID. 201.

be granted to the extent that the court will accept the amended petition as drafted and will proceed to screen it under Rule 4.

Hasselmann is a resident of Iowa who is currently facing charges in Porter County for false informing. *State v. Hasselmann*, 64D03-2301-CM-425 (Porter Sup. Ct. filed Jan. 17, 2023). The probable cause affidavit reflects that Hasselmann was stopped by police while driving on I-90 and allegedly gave a "fictitious birth date and drivers' license number so that he would not be positively identified." *Id.*, Probable Cause Aff. 1/17/23. He asserts that his constitutional rights are being violated in the pending case.

Criminal defendants incarcerated by a state awaiting trial may seek a writ of habeas corpus under 28 U.S.C. § 2241. *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). However, a federal court generally must "abstain from interfering with pending state proceedings to enforce a state's criminal laws." *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Therefore, most constitutional claims cannot be raised in advance of trial and instead must await the conclusion of the state proceeding. *Id.* The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. *Id*.

Hasselmann's amended petition and supporting brief contain several constitutional claims, but only his speedy trial claim is viable at this stage. *Sweeney*, 612 F.3d at 573. His claims of ineffective assistance of counsel, due process violations, denial

of access to the courts, and excessive punishment[2] cannot be raised in advance of trial and must await a conclusion of the state proceeding. *Id.*

As for his speedy trial claim, exhaustion of state court remedies is not a statutory requirement for habeas petitions filed under 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review[.]" *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. In Indiana, speedy trial claims can be raised in an interlocutory appeal prior to trial. *See Curtis v. State*, 948 N.E.2d 1143, 1147-48 (Ind. 2011). There is no indication from either the amended petition or public records that Hasselmann has availed himself of this remedy. In fact, it does not appear from the docket that he presented a proper speedy trial claim to the trial court. He thus has not exhausted his claim in state court.

Assuming for the sake of argument he could overcome the exhaustion barrier, he has not demonstrated an entitlement to federal habeas relief. "The Sixth Amendment right to a speedy trial is animated by the need (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the

---

[2] It appears he may be trying to obtain money from the state in connection with this claim. If so, money damages are not available in a habeas case. *See Muhammad v. Close*, 540 U.S. 749, 751 (2004).

possibility that defense will be impaired." *United States v. Hills*, 618 F.3d 619, 632 (7th Cir. 2010) (internal quote marks and citation omitted). However, "[t]he speedy-trial right is amorphous, slippery, and necessarily relative," and is "consistent with delays and dependent upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009) (internal quote marks and citation omitted). The Supreme Court has expressly "refused to quantify the right into a specified number of days or months or to hinge the right on a defendant's explicit request for a speedy trial." *Id.* Instead, the Court adopted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 90. Some of the factors the court should consider are whether any delay was "uncommonly long," whether the government or the defendant was the cause of the delay, whether the defendant asserted his right to a speedy trial, and whether he has suffered prejudice as a result of the delay. *Ashburn v. Korte*, 761 F.3d 741, 751-752 (7th Cir. 2014).

    The public docket in Hasselmann's criminal case reflects that the charge was initiated on January 17, 2023, and he appeared for an initial hearing the following day. He paid a bond and was released from custody. He twice sought extensions of time, which were granted. In July 2023, he moved for appointment of the public defender. That motion was granted and a public defender appeared on his behalf. Thereafter, a discovery conference was held. In the ensuing months, Hasselmann repeatedly filed *pro se* documents despite an admonishment from the court that his filings needed to be made through counsel. He then moved to "disqualify" his attorney, but his request was

4

denied. He recently requested that he be permitted to proceed *pro se* and also sought certification of an interlocutory appeal related to his claim that his counsel is ineffective.

Under the circumstances, he has not established a violation of his Sixth Amendment right to a speedy trial. As noted above, it does not appear that he asserted a proper speedy trial claim with the trial court, and he is not presently incarcerated pursuant to this charge. Additionally, the public docket reflects that some of the delays in the case have been at Hasselmann's own request or were caused by his disagreements with his attorney. He has also complicated the proceedings by filing a flurry of *pro se* motions despite an admonishment from the court. He recently sought leave to represent himself and to pursue an interlocutory appeal about an unrelated issue, which will further delay a resolution of the charge. There was also delay due to the fact that he was incarcerated in Iowa on an unrelated charge during part of the time the Porter County case was pending. (*See* ECF 6 at 4.) He has not established a Sixth Amendment violation. To the extent he is relying on Indiana law in making a speedy trial claim, such a claim is not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues

5

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

For the reasons explained above, the only claim in the amended petition that can be raised in advance of trial lacks merit under governing standards. The court finds no reason to conclude that reasonable jurists would debate the outcome of the petition or find a reason to encourage Hasselmann to proceed further in advance of his state criminal trial.

For these reasons, the court:

(1) GRANTS the petitioner's motion to reconsider (ECF 3) to the extent that the amended petition is accepted as filed;

(2) DISMISSES the amended petition (ECF 6) and DENIES the petitioner a certificate of appealability;

(3) DENIES as moot the petitioner's motion for leave to file documents electronically (ECF 4); and

(4) DIRECTS the clerk to close this case.

SO ORDERED on August 4, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT